PROSKAUER ROSE LLP
Bettina B. Plevan (BP-7460)
Fredric C. Leffler (FL-7998)
1585 Broadway
New York, NY 10036
Attorney for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ERIC BUTERBAUGH, Individually and on Behalf of All Other Persons Similarly Situated, | : | 07 CV 2949 (DC) |
| Plaintiffs, | : | **(ECF Case)** |
| against | : | |
| DELOITTE & TOUCHE USA, LLP and DELOITTE SERVICES LLP, | : | **ANSWER** |
| Defendants. | : | |

Defendants Deloitte & Touche USA LLP and Deloitte Services LP (incorrectly identified in the Complaint as "Deloitte & Touche USA, LLP and Deloitte Services LLP") (hereinafter "Defendants"), by their attorneys Proskauer Rose LLP, for their Answer to the Complaint, allege as follows:

1. Deny the allegations set forth in paragraph 1 of the Complaint, except admit that Plaintiff purports to assert claims under the statutes cited therein.

2. Deny the allegations set forth in paragraph 2 of the Complaint, except admit that Plaintiff purports to assert claims under the statutes cited therein.

3. Deny the allegations set forth in paragraph 3 of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction and supplemental jurisdiction of this Court pursuant to the statutes cited therein

4. Admit the allegations set forth in paragraph 4 of the Complaint.

5. Deny the allegations set forth in paragraph 5 of the Complaint, except admit that this Court has the power to issue a declaratory judgment, after reasonable notice and hearing, pursuant to the statutes cited therein.

6. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Complaint, except admit that Plaintiff's last known residence was Hoboken, New Jersey.

7. Deny the allegations set forth in paragraph 7 of the Complaint, except admit that Defendant Deloitte & Touche USA LLP (hereafter "Deloitte & Touche USA") maintains an office at 1633 Broadway, New York, New York.

8. Deny the allegations set forth in paragraph 8 of the Complaint, except admit that Defendant Deloitte Services LP (hereafter "Deloitte Services") maintains an office at 1633 Broadway, New York, New York.

9. Deny the allegations set forth in paragraph 9 of the Complaint, except admit that Defendant Deloitte Services is an indirect subsidiary of Deloitte & Touche USA.

10. Respectfully decline to respond to paragraph 10 of the Complaint because it does not allege facts, except admit only that Plaintiff refers to Deloitte & Touche USA and Deloitte Services, collectively, as "Defendants".

11. Deny the allegations set forth in paragraph 11 of the Complaint, except admit that Plaintiff purports to prosecute his claims as a collective action under the Fair Labor Standards Act, as amended ("FLSA").

12. Deny the allegations set forth in paragraph 12 of the Complaint.

13. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, except deny the allegations that "Plaintiff

will fairly and adequately protect the interests of the Collective Action Members" and further deny that "Plaintiff has no interest that is contrary to or in conflict with those members of this collective action."

14. Deny the allegations as set forth in paragraph 14 of the Complaint.

15. Deny the allegations set forth in paragraph 15 of the Complaint, inclusive of subparts "a" through "g" respectively.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Deny the allegations set forth in paragraph 17 of the Complaint, except admit Plaintiff purports to bring this action as a class action pursuant to the rules cited therein.

18. Deny the allegations set forth in paragraph 18 of the Complaint, except admit that Plaintiff purports to bring claims on behalf of a putative class under the statutes and for the reason cited therein.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint.

21. Deny the allegations set forth in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Deny the allegations set forth in paragraph 23 of the Complaint.

24. Deny the allegations set forth in paragraph 24 of the Complaint, inclusive of subparts delineated "a" through "e" respectively.

25. Deny the allegations set forth in paragraph 25 of the Complaint.

26. Deny the allegations set forth in paragraph 26 of the Complaint, except admit that Deloitte Services provides certain internal support services to Deloitte & Touche USA.

27. Deny the allegations set forth in paragraph 27 of the Complaint, except admit that Plaintiff was employed by Defendant Deloitte Services.

28. Deny the allegations set forth in paragraph 28 of the Complaint, except admit that Plaintiff did have various duties associated with audio visual services while employed by Defendant Deloitte Services.

29. Deny the allegations set forth in paragraph 29 of the Complaint, except admit that Plaintiff's duties did not include managerial responsibilities.

30. Deny the allegations set forth in paragraph 30 of the Complaint, except admit that Plaintiff recorded that he sometimes worked in excess of forty hours in a week.

31. Deny the allegations set forth in paragraph 31 of the Complaint, except admit that plaintiff began employment with Deloitte Services in or about September 2006 and was terminated by Deloitte Services in or about March 2007.

32. Deny the allegations set forth in paragraph 32 of the Complaint.

33. Deny the allegations set forth in paragraph 33 of the Complaint.

34. Deny the allegations set forth in paragraph 34 of the Complaint.

35. Deny the allegations set forth in paragraph 35 of the Complaint.

36. With respect to the allegations contained in paragraph 36 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 35 as if fully set forth herein.

37. Deny the allegations set forth in paragraph 37 of the Complaint, except admit that Deloitte & Touche USA and Deloitte Services, respectively, are employers within the meaning of the FLSA.

38. Deny the allegations set forth in paragraph 38 of the Complaint, except admit that Defendants, respectively, do employ individuals within the meaning of the FLSA.

39. Admit the allegations set forth in paragraph 39 of the Complaint.

40. Admit that Plaintiff purports to attach his consent pursuant to the statute cited in paragraph 40 of the Complaint, except deny that any such "consent" was attached to the Complaint served.

41. Deny the allegations set forth in paragraph 41 of the Complaint.

42. Deny the allegations set forth in paragraph 42 of the Complaint, except admit that Defendant Deloitte Services did not compensate Plaintiff at a rate of not less than one and one-half times his regular rate of pay for hours worked, if any, in excess of forty in a workweek.

43. Deny the allegations set forth in paragraph 43 of the Complaint.

44. Deny the allegations set forth in paragraph 44 of the Complaint.

45. Deny the allegations set forth in paragraph 45 of the Complaint.

46. With respect to the allegations contained in paragraph 46 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 35 as if fully set forth herein.

47. Deny the allegations set forth in paragraph 47 of the Complaint, except admit that Defendant Deloitte Services employed Plaintiff within the meaning of the New York Labor Law.

48. Deny the allegations set forth in paragraph 48 of the Complaint, except admit that Defendant Deloitte Services did not pay Plaintiff at a rate not less than one and one-half times his regular rate of pay for hours he worked, if any, in excess of forty in a workweek.

49. Deny the allegations set forth in paragraph 49 of the Complaint.

50. Deny the allegations set forth in paragraph 50 of the Complaint.

51. Deny the allegations contained in the WHEREFORE clause of the Complaint, including subparts "a" through "j".

**FIRST AFFIRMATIVE DEFENSE**

52. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

53. The claims in the Complaint, in whole or in part, are barred by the applicable statutes of limitations and/or filing periods and/or by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

54. If Plaintiff has suffered damages, which Defendants expressly deny, upon information and belief, Plaintiff has failed to make reasonable and diligent efforts to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

55. Plaintiff has not and cannot allege facts sufficient to support a collective action under the FLSA and has no standing to raise the claims asserted purportedly on behalf of others because there does not exist a class of persons who are similarly situated to Plaintiff with respect to the application of the FLSA. Therefore, this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA.

**FIFTH AFFIRMATIVE DEFENSE**

56. On information and belief, Defendants, at all times relevant to this action, acted in good faith and upon a reasonable belief that their acts or omissions were not in violation of the FLSA. Accordingly, the claims set forth in the Complaint do not justify an award for liquidated damages pursuant to 29 U.S.C. § 260, nor is Plaintiff entitled to recover any such award.

**SIXTH AFFIRMATIVE DEFENSE**

57. On information and belief, Defendants, at all time relevant to this action, acted in good faith and in conformity with applicable laws and regulations. Accordingly, under 29 U.S.C. § 256, the statute of limitations applicable to the claims set forth in this Complaint under the FLSA began two years prior to the commencement of this action.

**SEVENTH AFFIRMATIVE DEFENSE**

58. The Complaint does not state facts sufficient to certify a class pursuant to Federal Rule of Civil Procedure 23, such that this action is not properly brought as a class action.

**EIGHTH AFFIRMATIVE DEFENSE**

59. Plaintiff is not an adequate representative of the putative class.

**NINTH AFFIRMATIVE DEFENSE**

60. The purported class is not so numerous as to make individual joinder of all members impracticable.

**TENTH AFFIRMATIVE DEFENSE**

61. A class action is not appropriate because individual issues and/or remedies predominate over the asserted class-wide grievance and/or declaratory or injunctive relief.

**ELEVENTH AFFIRMATIVE DEFENSE**

62. Plaintiff's claims are not representative of the putative class.

**TWELFTH AFFIRMATIVE DEFENSE**

63. This Court lacks supplemental jurisdiction over Plaintiff's claims that are brought pursuant to New York law, in that such claims substantially predominate over Plaintiff's FLSA claims, which is the only claim over which this Court has original jurisdiction.

**THIRTEENTH AFFIRMATIVE DEFENSE**

64. This Court lacks supplemental jurisdiction over Plaintiff's claims, under 28 U.S.C. §1367(c), that are brought pursuant to New York law in that the so-called "spread of hours" claim, which seeks additional overtime pay for hours worked in excess of ten in a day, raises complex and unresolved issues of State law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

65. The assertion of a New York Labor Law claim as a Rule 23 class action is barred by CPLR §901(b).

**FIFTEENTH AFFIRMATIVE DEFENSE**

66. Plaintiff's Complaint is barred to the extent that it seeks certification of both a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and a collective action pursuant to 29 U.S.C. § 216(b), in that a collective action provides a means for the resolution of Plaintiff's claims that is superior to a class action.

**WHEREFORE**, Defendants request judgment dismissing the Complaint it its entirety with prejudice and denying all relief requested therein, together with an award of reasonable attorneys' fees and such other and further relief as the Court may deem just and proper.

Dated: May 18, 2007
New York, New York

PROSKAUER ROSE LLP

By: [signature]
Bettina B. Plevan (BP-7460)
Fredric C. Leffler (FL-7998)
Attorneys for Defendants
1585 Broadway
New York, NY 10036
Phone: (212) 969-3000

TO: Seth R. Lesser (SL 5560)
Fran L. Rudich (FR 7577)
LOCKS LAW FIRM, PLLC
110 East 55th St., 12th Floor
New York, NY 10022
Telephone: (212) 838-3333

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th St., Suite PHR
New York, NY 10003
Telephone: (212) 228-9795

Attorneys for Plaintiff